UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON KENNEDY, : CIVIL ACTION NO. 3:CV-14-0437
:
    Petitioner : (Judge Nealon)
:
v. :
:
WARDEN, Allegheny County Jail, :
et al., :
:
    Respondents :

FILED
SCRANTON
MAR 1 3 2014
PER_____
DEPUTY CLERK

## MEMORANDUM

### Background

Brandon Kennedy, a pretrial detainee, confined in the Allegheny County Prison, Pittsburgh, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He states that he is "awaiting trial on felon in possession of a firearm charges" in the United States District Court for the Western District of Pennsylvania. (Doc. 1, petition). Petitioner claims that "the evidence in the case was totally and completely fabricated." Id. For relief, he seeks to "be immediately discharged from custody, counsel should be appointed, an evidentiary hearing should be held" and "the indictment should be dismissed." Id. Along with the petition, Kennedy filed an application to proceed in forma pauperis. (Doc. 2). For the reasons that follow, Petitioner's application to proceed in forma pauperis will be granted solely for the purpose of filing the petition, and the petition

will be transferred to the United States District Court for the Western District of Pennsylvania.

**Discussion**

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment. Preiser v. Rodriguez, 411 U.S. 475, 484–86, 500 (1973).

Jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody. 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 434–36 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (stating, personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) (finding, "[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988); Valdivia v. Immigration and Naturalization Serv., 80

F.Supp.2d 326, 332–333 (D.N.J. 2000). "The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld, 542 U.S. at 434–36 (emphasis in original) (citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 2722. Thus, jurisdiction is only proper in the Western District of Pennsylvania, where Petitioner is presently confined.

Having found a lack of jurisdiction, the Court chooses not to dismiss the case. Instead, the Court will transfer this action to the United States District Court for the Western District of Pennsylvania. District courts have discretion to transfer any civil action, in the interest of justice, to any other district or division where it might have been brought. 28 U.S.C. § 1404(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962). Here, Petitioner's Section 2241 petition could have originally been filed in the United States District Court for the Western District because that is

where Petitioner is presently confined. See Rumsfeld, 542 U.S. at 443. This Court finds that the interests of justice are served by transferring this action because it obviates the need for Petitioner to refile his Section 2241 petition. Therefore, the action will be transferred to the United States District Court for the Western District of Pennsylvania.

    A separate Order will be issued.

Dated: March 13, 2014

                                               **United States District Judge**